Michael Nourmand, Esq. (SBN 198439)
James A. De Sario, Esq. (SBN 262552)
**THE NOURMAND LAW FIRM, APC**
8822 West Olympic Boulevard
Beverly Hills, California 90211
Telephone (310) 553-3600
Facsimile  (310) 553-3603

Attorneys for Plaintiff,
RONNY KAIOS, on behalf
of himself and all others similarly situated

# UNITED STATES DISTRICT COURT

## FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RONNY KAIOS, on behalf of himself and all others similarly situated, <br><br> Plaintiffs, <br><br> v. <br><br> SIEMENS MOBILITY, INC., a Delaware corporation; and DOES 1 through 100, Inclusive <br><br> Defendants. | CASE NO.: 2:22-CV-02318-MCE-CKD <br><br> FIRST AMENDED CLASS ACTION COMPLAINT FOR DAMAGES AND RESTITUTION <br><br> 1.  FAILURE TO PAY OVERTIME WAGES; <br> 2.  FAILURE TO PAY MINIMUM WAGE; <br> 3.  FAILURE TO PROVIDE MEAL PERIODS; <br> 4.  FAILURE TO PAY SICK LEAVE; <br> 5.  FAILURE TO PAY WAGES UPON TERMINATION; <br> 6.  FAILURE TO PROVIDE ACCURATE WAGE STATEMENTS; <br> 7.  UNFAIR COMPETITION; <br> 8.  FAILURE TO PAY FLSA MINIMUM WAGES; <br> 9.  FAILURE TO PAY FLSA OVERTIME WAGES; <br> 10. VIOLATION OF 15 U.S.C. § 1681b (b)(2)(A) (Fair Credit Reporting Act); <br> 11. VIOLATION OF 15 U.S.C. §§ 1681d(a)(1) and 1681g( c) (Fair Credit Reporting Act); <br> 12. VIOLATION OF CALIFORNIA CIVIL CODE § 1786 et seq. (Investigative Consumer Reporting Agencies Act); and <br> 13. VIOLATION OF CALIFORNIA CIVIL CODE § 1785 et seq. (Consumer Credit Reporting Agencies Act) <br><br> DEMAND FOR JURY TRIAL |

1

COMES NOW plaintiff RONNY KAIOS (hereinafter "Mr. Kaios" and/or "Plaintiff") on behalf of himself and all others similarly situated, and alleges as follows:

## GENERAL ALLEGATIONS

### INTRODUCTION

1.      This is a Class Action, pursuant to California Code of Civil Procedure §382, on behalf of Plaintiff and all other current and former similarly situated employees employed by or formerly employed by SIEMENS MOBILITY, INC. and any subsidiaries or affiliated companies (hereinafter referred to as "Defendants"), within the State of California and nationwide.

2.      For at least four (4) years prior to the filing of this action and through to the present, Defendants on multiple occasions have had a pattern and practice of failing to pay wages for all time worked, including overtime wages, to Plaintiff and other non-exempt employees in the State of California and nationwide, such that in the aggregate employees are underpaid wages as a result of Defendants' pattern and practice of unevenly rounding time worked by its employees.

3.      For at least four (4) years prior to the filing of this action and through to the present, Defendants on multiple occasions have had a pattern and practice of failing to pay wages for all time worked, including overtime wages, as a result of Defendants requiring Plaintiff and other non-exempt employees in the State of California and nationwide to undergo COVID-19 temperature checks prior to clocking in for the start of their work shifts.

4.      For at least four (4) years prior to the filing of this action and through to the present Defendants on multiple occasions have had a pattern and practice of failing to pay overtime wages, to Plaintiff and other non-exempt employees in the State of California and nationwide, as a result of Defendants' failure to include all forms of remuneration, including but not limited to "Shift 20%" differential pay, in determining the regular rate of pay.

5.      For at least four (4) years prior to the filing of this action and through to the present Defendants on multiple occasions have had a pattern and practice of failing to pay sick leave and/or PTO at the regular rate of pay to Plaintiff and other non-exempt employees in the State of California, as a result of Defendants' failure to include all forms of remuneration, including but not limited to, "Shift 20%" differential pay, when determining the regular rate of pay for purposes

FIRST AMENDED CLASS ACTION COMPLAINT

1  of sick leave and/or PTO pay.

2      6.      For at least four (4) years prior to the filing of this action and continuing to the

3  present, Defendants on multiple occasions have had a pattern and practice of failing to provide

4  Plaintiff and other similarly situated employees or former employees within the State of California

5  a thirty (30) minute uninterrupted meal period for days on which the employees worked more than

6  five (5) hours in a workday and a second thirty (30) minute uninterrupted meal periods for days on

7  which the employees worked in excess of ten (10) hours in a work day, and failing to provide

8  compensation at the regular rate of pay for such unprovided meal periods as required by California

9  wage and hour laws.

10      7.      For at least three (3) years prior to the filing of this action and continuing through

11  the present, Defendants on multiple occasions have failed to pay Plaintiff and other similarly

12  situated employees the full amount of their wages owed to them upon termination and/or

13  resignation as required by Labor Code §§ 201 or 202.

14      8.      For at least one (1) year prior to the filing of this action and continuing through the

15  present, Defendants on multiple occasions have failed to issue Plaintiff and other similarly situated

16  employees accurate wage statements as required by Labor Code § 226.

17      9.      Plaintiff, on behalf of himself and all other similarly situated employees, brings this

18  action pursuant to, including but not limited to, California Labor Code §§200, 201, 202, 203, **218,**

19  226, 226.7, 233, 246, 246.5, 510, 512, 1194, 1194.2, 1197 and California Code of Regulations,

20  Title 8, §11070, seeking unpaid overtime and minimum wages, premium wages for non-compliant

21  meal periods, unpaid sick leave pay, failure to pay regular rate, penalties, civil penalties and

22  reasonable attorney's fees and costs and provision of the Fair Labor Standards Act, 29 U.S.C. §201,

23  *et seq.* ("FLSA"), seeking minimum wages and overtime.

24      10.      Plaintiff, on behalf of himself and all other similarly situated employees, pursuant

25  to California Business & Professions Code §§17200-17208 also seeks all monies owed but

26  withheld and retained by Defendants to which Plaintiff and members of the Class are entitled.

27  ///

28  ///

FIRST AMENDED CLASS ACTION COMPLAINT

11.    Plaintiff brings this action on behalf of himself, and all others similarly situated, pursuant to the FLSA, 29 U.S.C. §216(b), who elect to opt into this action who work or have worked for Defendants as non-exempt hourly employees nationwide in the past three (3) years ("the FLSA Class").

12.    Defendants are liable under the FLSA for, inter alia, failing to properly compensate Plaintiff and other similarly situated employees for all hours worked over 40 in a workweek, or received all minimum wage, in violation of the FLSA who would benefit from the issuance of a court supervised notice regarding the present lawsuit and the opportunity to join it. Those similarly situated employees are known to Defenants, are readily identifiable, and can be located through Defendants' records, such that notice should be sent to them pursuant to 29 U.S.C. §216(b).

13.    Plaintiff alleges that Defendants routinely acquire consumer, investigative consumer and/or consumer credit reports (referred to as "Background Reports") to conduct background checks on Plaintiff and other prospective, current and former employees and use information from credit and background reports in connection with their hiring process without complying with the law, as a result of including, but not limited to, requiring Plaintiff and similarly situated employees to sign an "Acknowledgment and Authorization for Background Investigation" indicating that a separate disclosure documents was received, however, the disclosure documents were not provided to Plaintiff and similarly situated employees.  Plaintiff, individually and on behalf of all others similarly situated current, former and prospective employees, seeks compensatory and punitive damages due to Defendants' systematic and willful violations of the Fair Credit Reporting Act ("FCRA") 15 U.S.C. §§ 1681 *et seq.*, the California Investigative Consumer Reporting Agencies Act ("ICRAA") (California Civil Code § 1786 *et seq.*) and the California Consumer Credit Reporting Agencies Act ("CCRAA") (California Civil Code § 1785 *et seq.*).

///

///

///

FIRST AMENDED CLASS ACTION COMPLAINT

**PARTIES**

**A.    Plaintiff**

14.    Venue as to each defendant is proper in this judicial district, pursuant to California Code of Civil Procedure §395.  Defendants operate and do business in California, and each defendant is within the jurisdiction of this court for service of process purposes.  The unlawful acts alleged herein have a direct effect on Plaintiff and those similarly situated within the State of California and nationwide.  Defendants employ numerous Class Members in the State of California and nationwide.

15.    Plaintiff, Mr. Kaios, is a resident of the State of California.  At all relevant times herein, he has been employed by Defendants as a non-exempt employee in California.

**B.    Defendants**

16.    Defendant, Siemens Mobility, Inc.,  provides transportation infrastructure and solutions within the State of California and nationwide. Siemens Mobility employed Plaintiff and similarly situated persons within the State of California and nationwide.

17.    The true names and capacities, whether individual, corporate, associate, or otherwise, of defendants sued herein as DOES 1 through 100, inclusive, are currently unknown to Plaintiff, who therefore sues defendants by such fictitious names under Code of Civil Procedure §474.  Plaintiff is informed and believes, and based thereon alleges, that each of the defendants designated herein as a DOE is legally responsible in some manner for the unlawful acts referred to herein.  Plaintiff will seek leave of court to amend this Complaint to reflect the true names and capacities of the defendants designated hereinafter as DOES when such identities become known.

18.    Plaintiff is informed and believes, and based thereon alleges, that each defendant acted in all respect pertinent to this action as the agent of the other defendant, carried out a joint scheme, business plan or policy in all respects pertinent hereto, and the acts of each defendant are legally attributable to the other defendants.

**FACTUAL BACKGROUND**

19.    Plaintiff and other similarly situated employees have not been paid wages, including overtime wages, for all time worked on multiple occasions, such that in the aggregate employees

FIRST AMENDED CLASS ACTION COMPLAINT

1  are underpaid wages as a result of Defendants' pattern and practice of unevenly rounding time
2  worked by its employees.

3      20.    For at least four (4) years prior to the filing of this action and through to the present,
4  Defendants on multiple occasions have had a pattern and practice of failing to pay wages for all
5  time worked, including overtime wages, to Plaintiff and other non-exempt employees in the State
6  of California and nationwide as a result of Defendants requiring them to undergo COVID-19
7  temperature checks prior to clocking in for the start of their work shifts.

8      21.    For at least four (4) years prior to the filing of this action and through to the present
9  Defendants on multiple occasions have had a pattern and practice of failing to pay overtime wages
10  to Plaintiff and other non-exempt employees in the State of California and nationwide, a result of
11  Defendants' pattern and practice of failing to include all forms of remuneration, including but not
12  limited to "Shift 20%" differential pay in determining the regular rate of pay.

13      22.    For at least four (4) years prior to the filing of this action and through to the present
14  Defendants on multiple occasions have had a pattern and practice of failing to pay sick leave and/or
15  PTO to Plaintiff and other non-exempt employees in the State of California, as a result of
16  Defendants' failure to include all forms of remuneration, including but not limited to "Shift 20%"
17  differential pay, when determining the regular rate of pay for purposes of sick leave and/or PTO
18  pay.

19      23.    Defendants have had a pattern and practice of on multiple occasions failing to
20  provide Plaintiff and other similarly situated employees or former employees within the State of
21  California a thirty (30) minute uninterrupted meal period for days on which the employees worked
22  more than five (5) hours in a workday and a second thirty (30) minute uninterrupted meal periods
23  for days on which the employees worked in excess of ten (10) hours in a work day, and on multiple
24  occasions failing to provide compensation at the regular rate of pay for such unprovided meal
25  periods.

26      24.    Plaintiff and other similarly situated employees or former employees at all times
27  pertinent hereto were not exempt from the overtime and meal break provisions of California law,
28  and the implementing rules and regulations of the IWC California Wage Orders.

1    25.    Defendants have failed to comply with <u>Labor Code</u> §226(a) by, on multiple

2    occasions, not providing itemized wage statements accurately showing, including but not limited to

3    the total hours worked during the pay period and pay due and owing for failure to pay wages, as

4    described herein.

5    26.    At the time Plaintiff's employment and the employment of other former employees

6    of Defendants ended, Defendants on multiple occasions willfully failed to pay all earned wages as

7    described herein.

8                                    **CLASS ACTION ALLEGATIONS**

9    27.    Plaintiff brings this action on behalf of himself, and all others similarly situated,

10   as a class action pursuant to California <u>Code of Civil Procedure</u> §382, Federal Rules of Civil

11   Procedure 23(b)(2) and 23(b)(3). Plaintiff seeks to represent five (5) Classes composed of and

12   defined as follows:

13                                    **CALIFORNIA CLASS**

14   **Non-Exempt Employee Class**

15   All current and former employees of Defendants within the State of California at
     any time commencing four (4) years preceding the filing of Plaintiff's complaint up
16   until the time that notice of the class action is provided to the class (collectively
     referred to as "Non-Exempt Employee Class").
17

18   **Sick Leave Class**

     All current and former employees of Defendants within the State of California at
19   any time commencing four (4) years preceding the filing of Plaintiff's complaint up
     to until the time that notice of the class action is provided to the members of this
20   class who was paid sick leave and paid some form of non-discretionary
     remuneration in addition to base hourly wages, in either the same workweek in
21   which the person took sick leave or during any of the full pay periods in the 90 days
     prior to the person taking paid sick leave  (collectively referred to as "Sick Leave
22   Class").

23   **Meal Period Class**

24   All current and former employees of Defendants within the State of California at
     any time commencing four (4) years preceding the filing of Plaintiff's complaint up
25   until the time that notice of the class action is provided to the class, who worked
     shifts of 5 hours or more (collectively referred to as "Meal Period Class").
26

27   **Late Pay Class**

     All former employees of Defendants within the State of California at any time
28   commencing three (3) years preceding the filing of Plaintiff's complaint up until the
     time that notice of the class action is provided to the class, who did not receive all

their wages upon termination and or resignation of their employment (collectively referred to as "Late Pay Class").

**Wage Statement Class**

All current and former employees of Defendants within the State of California, to whom, at any time commencing one (1) year preceding the filing of Plaintiff's complaint up until the time that notice of the class action is provided to the class, were provided with wage statements (collectively referred to as "Wage Statement Class").

## FLSA COLLECTIVE ACTION

28. Plaintiff brings this action on behalf of himself, and all others similarly situated, pursuant to the FLSA, 29 U.S.C. §216(b), who elect to opt into this action who work or have worked for Defendants as non-exempt hourly employees nationwide in the past three (3) years ("the FLSA Class").

29. Defendants are liable under the FLSA for, inter alia, failing to properly compensate Plaintiff and other similarly situated employees for all hours worked over 40 in a workweek, or received all minimum wage, in violation of the FLSA who would benefit from the issuance of a court supervised notice regarding the present lawsuit and the opportunity to join it. Those similarly situated employees are known to Defenants, are readily identifiable, and can be located through Defendants' records, such that notice should be sent to them pursuant to 29 U.S.C. §216(b).

## FCRA CLASS

**FCRA Class:**

All of Defendants' current, former and prospective applicants for employment in the United Stales who applied for a job with Defendants at anytime during the period beginning five years prior to the filing of this action and ending on the date that final judgment is entered in this action.

**ICRAA Class:**

All of Defendants' current, former, and prospective applicants for employment in California, at any time during the period beginning five years prior to the filing of this action and ending on the date that final judgment is entered into this action.

**CCRAA Class:**

All of Defendants' current, former prospective applicants for employment in California, at any time during the period beginning seven years prior to the filing of this action and ending on the date that final judgment is entered in this action.

8

30. Plaintiff reserves the right under California <u>Rules of Court</u> Rule 3.765(b), to amend or modify the class description with greater specificity or further division into subclasses or limitation to particular issues.

31. This action has been brought and may properly be maintained as a class action under the provisions of California <u>Code of Civil Procedure</u> §382 because there is a well-defined community of interest in the litigation and the proposed Class is easily ascertainable.

**A.    <u>Numerosity</u>**

32. The potential members of the Class as defined are so numerous that joinder of all the members of the Class is impracticable. While the precise number of Class Members has not been determined at this time, Plaintiff is informed and believes that there are over 100 Class Members employed by Defendants within the State of California and nationwide.

33. Accounting for employee turnover during the relevant periods necessarily increases this number. Plaintiff alleges Defendants' employment records would provide information as to the number and location of all Class Members. Joinder of all members of the proposed Class is not practicable.

**B.    <u>Commonality</u>**

34. There are questions of law and fact common to Class Members. These common questions include, but are not limited to:

      (1)    Did Defendants violate <u>Labor Code</u> §1194 by not compensating Class Members overtime wages?

      (2)    Did Defendants violate <u>Labor Code</u> §§ 1194 and 1197 by not paying Class Members minimum wages for all hours worked?

      (3)    Did Defendants violate <u>Labor Code</u> § 512 by not providing Class Members with meal periods?

      (4)    Did Defendants violate <u>Labor Code</u> § 226.7 by not providing Class Members additional wages at the regular rate of pay for missed or interrupted meal periods?

FIRST AMENDED CLASS ACTION COMPLAINT

(5)   Did Defendants violate Labor Code §§ 201 and 202 by failing to pay Class Members upon termination or resignation all wages earned?

(6)   Are Defendants liable to Class Members for penalty wages under Labor Code § 203?

(7)   Did Defendants violate Labor Code § 226(a) by not furnishing Class Members with accurate wage statements?

(8)   Did Defendants violate Labor Code §§233, 246, and 246.5 by not paying Class Members for sick leave at the regular rate of pay?

(9)   Did Defendants violate the Unfair Competition Law, Business and Professions Code §17200, et seq., by its unlawful practices as alleged herein?

(10)  Are Class Members entitled to restitution of penalty wages under Business and Professions Code § 17203?

(11)  Are Class Members entitled to attorney's fees?

(12)  Are Class Members entitled to interest?

(13)  Whether Defendants willfully failed to provide the class with a stand-alone written disclosures before obtaining a credit or background report in compliance with the statutory mandates?

(14)  Whether Defendants willfully failed to comply with the FCRA, ICRAA and/or the CCRAA?

**C.    Typicality**

35.   The claims of Plaintiff herein alleged are typical of those claims which could be alleged by any member of the classes, and the relief sought is typical of the relief which would be sought by each of the members of the classes in separate actions. Plaintiff and all members of the Classes sustained injuries and damages arising out of and caused by Defendants' common course of conduct in violation of laws and regulations that have the force and effect of law and statutes as alleged herein.

**D.    Adequacy of Representation**

36.    Plaintiff will fairly and adequately represent and protect the interests of the members of the Classes.  Counsel who represents Plaintiff is competent and experienced in litigating wage and hour and FCRA class actions.

**E.    Superiority of Class Action**

37.    A class action is superior to other available means for the fair and efficient adjudication of this controversy.  Individual joinder of all Class Members is not practicable, and questions of law and fact common to the Class predominate over any questions affecting only individual members of the Class.  Each member of the Class has been damaged and is entitled to recovery by reason of Defendants' illegal pattern and practice of on multiple occasions failing to pay overtime wages, failing to pay minimum wages, failing to provide meal breaks or compensation in lieu thereof, failing to pay sick leave, failing to provide accurate itemized wage statements, failing to pay all wages due upon termination and/or resignation, and failing to comply FCRA, ICRAA and/or the CCRAA as described herein.

38.    Class action treatment will allow those similarly situated persons to litigate their claims in the manner that is most efficient and economical for the parties and the judicial system.  Plaintiff is unaware of any difficulties that are likely to be encountered in the management of this action that would preclude its maintenance as a class action.

**FIRST CAUSE OF ACTION**

**FAILURE TO PAY OVERTIME WAGES**

**(By Plaintiff and the Class Against All Defendants)**

39.    Plaintiff realleges and incorporates by reference all of the allegations contained in the preceding paragraphs of this Complaint as though fully set forth herein.

40.    At all times relevant to this complaint, California Labor Code §510 was in effect and provided: "(a) Eight hours of labor constitutes a day's work.  Any work in excess of eight hours in one workday and any work in excess of forty hours in any one workweek . . . shall be compensated at the rate of no less than one and one-half times the regular rate of pay for an employee."  Overtime pay is computed based on the regular rate of pay.  The regular rate of pay includes many different kinds of remuneration.  Under California law, the determination of

11

**FIRST AMENDED CLASS ACTION COMPLAINT**

1  regular rate of pay for purposes of determining overtime pay must include the employee's
2  commissions, bonuses, or other non-hourly compensation.

3       41.    At all times herein mentioned, Plaintiff and Non-Exempt Employee Class worked
4  for Defendants during shifts that consisted of more than eight hours in a work day and/or more than
5  forty hours in a work week and on multiple occasions these employees have not been paid overtime
6  wages, such that in the aggregate employees are underpaid overtime wages as a result of
7  Defendants' pattern and practice of unevenly rounding time worked by its employees.

8       42.    At all times herein mentioned, Plaintiff and Non-Exempt Employee Class worked
9  for Defendants during shifts that consisted of more than eight hours in a work day and/or more than
10  forty hours in a work week and on multiple occasions these employees were not paid overtime
11  wages for all hours worked as a result of, including but not limited to, Defendants requiring Plaintiff
12  and Non-Exempt Employee Class to undergo COVID-19 temperature checks prior to clocking in for
13  the start of their work shifts.

14       43.    At all times herein mentioned, Plaintiff and Non-Exempt Employee Class, on
15  multiple occasions worked for Defendants during shifts that consisted of more than eight hours in a
16  work day and/or more than forty hours in a work week while concurrently earning other forms of
17  remuneration and on these multiple occasions employees have not been paid overtime wages as a
18  result of Defendants' pattern and practice of failing to include all forms of remuneration, including
19  but not limited to "20% Shift" differential pay, in determining the regular rate of pay for overtime
20  purposes.

21       44.    Accordingly, by requiring Plaintiff and Non-Exempt Employee Class to work in
22  excess of eight hours per day and/or forty hours per week and without properly compensating
23  overtime wages, as described herein, Defendants willfully violated the provisions of Labor Code
24  §1194.

25       45.    As a result of the unlawful acts of Defendants, Plaintiff and the Non-Exempt
26  Employee Class have been deprived of overtime wages in an amounts to be determined at trial, and
27  are entitled to recovery of such amounts, plus interest and penalties thereon, attorney's fees, and
28  costs, pursuant to Labor Code §§1194 and 1199; Code of Civil Procedure §1021.5; and Civil Code

1 §3287.

2 ## SECOND CAUSE OF ACTION

3 ## FAILURE TO PAY MINIMUM WAGES

4 **(By Plaintiff and the Class Against All Defendants)**

5   46.   Plaintiff realleges and incorporates by reference all of the allegations contained in

6 the preceding paragraphs of this Complaint as though fully set forth herein.

7   47.   At all relevant times, Plaintiff and the members of the Non-Exempt Employee

8 Class were employees of Defendants covered by Labor Code §1197 and applicable Wage Orders.

9   48.   Pursuant to Labor Code §1197 and applicable Wage Orders, Plaintiff and the

10 members of the Non-Exempt Employee Class were entitled to receive minimum wages for all hours

11 worked.

12   49.   At all times herein mentioned, to the extent that Plaintiff and Non-Exempt

13 Employee Class worked for Defendants during shifts that were less than eight hours in a work day

14 and/or less than forty hours in a work week, on multiple occasions these employees have not been

15 paid minimum wage, such that in the aggregate employees are underpaid wages as a result of

16 Defendants' pattern and practice of unevenly rounding time worked by its employees.

17   50.   At all times herein mentioned, to the extent that Plaintiff and Non-Exempt

18 Employee Class worked for Defendants during shifts that were less than eight hours in a work day

19 and/or less than forty hours in a work week, on multiple occasions these employees have not been

20 paid minimum wages for all hours worked as a result of Defendants requiring Plaintiff and Non-

21 Exempt Employee Class to undergo COVID-19 temperature checks prior to clocking in for the start

22 of their work shifts.

23   51.   Defendants failure to pay Plaintiff and members of the Non-Exempt Employee

24 Class minimum wages for all hours worked, as described herein, is in violation of Labor Code

25 §1197 and applicable Wage Orders.  As a result of Defendants' pattern and practice, Plaintiff and

26 members of the Non-Exempt Employee Class have suffered damages in an amount, subject to

27 proof, to the extent they were not paid minimum wages for all hours worked.

28   52.   Pursuant to Labor Code §§ 1194 and 1194.2, Plaintiff and members of the Non-

**FIRST AMENDED CLASS ACTION COMPLAINT**

1  Exempt Employee Class are entitled to recover the full amount of unpaid minimum wages,

2  prejudgment interest, liquidated damages, reasonable attorneys' fees, and costs of suit.

3                              **THIRD CAUSE OF ACTION**

4                      **<u>FAILURE TO PROVIDE MEAL PERIODS</u>**

5                   **(By Plaintiff and the Class Against All Defendants)**

6        53.    Plaintiff realleges and incorporates by reference all of the allegations contained in

7  the preceding paragraphs of this Complaint as though fully set forth herein.

8        54.    Pursuant to <u>Labor Code</u> §512, no employer shall employ an employee for a work

9  period of more than five (5) hours without a meal break of not less than thirty (30) minutes in which

10 the employee is relieved of all of his or her duties.  Furthermore, no employer shall employ an

11 employee for a work period of more than ten (10) hours per day without providing the employee

12 with a second meal period of not less than thirty (30) minutes in which the employee is relieved of

13 all of his or her duties.  Plaintiff and other members of the Meal Period Class were on multiple

14 occasions were not provided with requisite meal periods as contemplated under the law since

15 employees would be prevented and discouraged by workplace interruptions which caused missed,

16 short and late meal periods.

17       55.    Pursuant to <u>Labor Code</u> §226.7, if an employer fails to provide an employee with a

18 meal period or rest period as provided in the applicable Wage Order of the Industrial Welfare

19 Commission, the employer shall pay the employee one additional hour of pay at the employee's

20 regular rate of compensation for each work day that the meal period or rest period is not provided.

21       56.    By their failure on multiple occasions to provide Plaintiff and members of the Meal

22 Period Class with the meal periods contemplated by California law, and failing to provide

23 compensation for such unprovided meal periods at the regular rate of pay, as alleged above,

24 Defendants willfully violated the provisions of <u>Labor Code</u> §512 and applicable Wage Orders.

25       57.    As a result of Defendants' unlawful conduct Plaintiffs and the other members of the

26 Meal Period Class have suffered damages in an amount, subject to proof, to the extent they were not

27 paid premium wages at the regular rate of pay, owed for missed meal periods.

28       58.    Plaintiff and the other members of the Meal Period Class are entitled to recover the

1  full amount of their unpaid additional premium pay for missed meal periods.  Pursuant to <u>Code of</u>
2  <u>Civil Procedure</u> §1021.5, Plaintiff and the other members of the Meal Period Class are entitled to
3  recover reasonable attorney's fees and costs of suit.

4     59.    Pursuant to <u>Civil Code</u> § 3287(a), Plaintiff and other members of the Meal Period
5  Class are entitled to recover prejudgment interest on the additional premium pay owed for missed
6  meal periods.

7                      **FOURTH CAUSE OF ACTION**
8                      **<u>FAILURE TO PAY SICK LEAVE</u>**
9              **(By Plaintiff and the Class Against All Defendants)**

10    60.    Plaintiff realleges and incorporates by reference all of the allegations contained in
11  the preceding paragraphs of this Complaint as though fully set forth herein.

12    61.    Labor Code Section 246(l) requires that employers pay sick time pay to non-exempt
13  employees at the employee's "regular rate of pay."  Employers must calculate paid sick leave for
14  nonexempt employees (1) "in the same manner as the regular rate of pay for the workweek in which
15  the employee uses paid sck time, whether or not the employee actually works overtime in that
16  workweek" or (2) "by dividing the employee's total wages, not including overtime premium pay, by
17  the employee's total hours worked in the full pay period of the prior 90 days of employment."
18  Labor Code §246(l).

19    62.    The "regular rate of pay" includes all remuneration for employment paid to
20  the employee with the exception of overtime pay and includes, but is not limited to base hourly
21  wages, shift differential, assignment based differentials, longevitry differentials, and other forms of
22  non-discretionary wages.

23    63.    According to the California Supreme Court, sick pay is a form of wages.
24  *Murphy v. Kenneth Cole Prods.* (2007) 40 Cal.4th 1094, 1103.

25    64.    Subsection (a) of Labor Code Section 204 provides: "All wages, other than
26  those mentioned in Section 201, 201.3, 202, 204.1, or 204.2, earned by any person in any
27  employment are due and payable twice each calendar month, on days designated in advance by the
28  employer as the regular paydays."

FIRST AMENDED CLASS ACTION COMPLAINT

65.    At all times herein mentioned, Plaintiff, and other members of the Sick Leave Class on multiple occasions accumulated and were paid sick leave by Defendants, including but not limited to sick pay and "PTO", and on these multiple occasions employees have not been paid all accrued sick leave pay as a result of Defendants' pattern and practice of failing to include all forms of remuneration, including but not limited to "Shift 20%" differential pay, in determining the regular rate of pay for purposes of sick leave pay.

66.    As sick leave pay is form of wages due under Labor Code Section 204, Defendants failed to pay all wages earned by Plaintiff and other members of the Sick Leave Class due and payable twice during each calendar month in which the class member was (1) paid sick leave and (2) paid some form of non-discretionary remuneration in addition to the base hourly wages, such as a shift differential, in either (a) the same workweek in which the person took paid sick leave or (b) during any of the full pay periods in the 90 days prior to the person taking paid sick leave.

67.    Labor Code Section 233 provides that "any employer who provides sick leave for employees shall permit an employee to use in any calendar year the employee's accrued and available sick leave entitlement, in an amount not less than sick leave that would be accrued during six months at the employee's then current rate of entitlement, for the reasons specified in subdivision (a) of Section 246.5."

68.    At all times herein mentioned, Defendants intentionally and willfully failed to pay Plaintiff and the Non-Exempt Employee Class their sick leave at the regular rate of pay. Accordingly, Plaintiff and the Non-Exempt Employee Class did not receive the full amount of paid sick leave that they were entitled to receive by law, and therefore denied the right to use sick leave within the meaning of Labor Code §§ 233(a) and ( c).

69.    Any employer who violates Labor Code § 233 is liable to employees for the greater of one days' pay or actual damages, reasonable equitable relief and reasonable attorney's fees and costs. Labor Code §§233(d) and (e).

70.    Labor Code Section 218 authorizes a private right of action to recover unpaid wages, including under section 204 and 233.

16

FIRST AMENDED CLASS ACTION COMPLAINT

71.     As a result of the unlawful acts of Defendants, Plaintiff and members of the Sick Leave Class have been deprived of sick leave pay in amounts to be determined at trial, and are entitled to recovery of such amounts, plus interest and penalties thereon, attorney's fees, and costs, pursuant to Labor Code §§218, 218.5, 233, 246, 246.5, 558 and 2698; and Code of Civil Procedure §1021.5; and Civil Code §3287.

## FIFTH CAUSE OF ACTION

### FAILURE TO PAY ALL WAGES UPON TERMINATION

### (By Plaintiff and the Class Against All Defendants)

72.     Plaintiff realleges and incorporates by reference all of the allegations contained in the preceding paragraphs of this Complaint as though fully set forth herein.

73.     At all relevant times, Plaintiff and other members of the Late Pay Class were employees of Defendants covered by Labor Code §§ 201 and 202.

74.     Pursuant to Labor Code §§ 201 or 202, Plaintiff and other members of the Late Pay Class were entitled upon termination to timely payment of all wages earned and unpaid prior to termination. Discharged employees were entitled to payment of all wages earned and unpaid prior to discharge immediately upon termination. Employees who resigned were entitled to payment of all wages earned and unpaid prior to resignation within 72 hours after giving notice of resignation or, if they gave 72 hours previous notice, they were entitled to payment of all wages earned and unpaid at the time of resignation.

75.     Defendants failed to pay Plaintiff and other members of the Late Pay Class all wages earned and unpaid prior to termination in accordance with Labor Code §§ 201 or 202. Plaintiff and other members of the Late Pay Class are informed and believe and thereon allege that within the applicable limitations period, Defendants on multiple occasions had a pattern and practice of not paying upon termination, the wages owed to them as a consequence of failing to pay non-exempt employees for earned wages, as described herein.

76.     Defendants' failure to pay Plaintiff and members of the Late Pay Class all wages earned prior to termination in accordance with Labor Code §§ 201 and 202 was wilful. Defendants had the ability to pay all wages earned by Plaintiff and other members of the Late Pay Class at the

17

1  time of termination in accordance with Labor Code §§ 201 and 202, but intentionally adopted
2  policies or practices incompatible with the requirements of Labor Code §§ 201 and 202.

3  77.    Pursuant to Labor Code §§ 201 and 202, Plaintiff and other members of the Late
4  Pay Class are entitled to all wages earned prior to termination that Defendants failed to pay them.

5  78.    Pursuant to Labor Code § 203, Plaintiff and other members of the Late Pay Class
6  are entitled to penalty wages from the date their earned and unpaid wages were due, upon
7  termination until paid, up to a maximum of 30 days.

8  79.    As a result of Defendants' unlawful conduct Plaintiff and other members of the
9  Late Pay Class have suffered damages in an amount subject to proof, to the extent they were not
10 paid for all wages earned prior to termination.

11 80.    As a result of Defendants' unlawful conduct, Plaintiff and the other members of the
12 Late Pay Class have suffered damages in an amount subject to proof, to the extent they were not
13 paid all penalty wages owed under Labor Code § 203.

14 81.    Pursuant to Labor Code §§ 218 and 218.5, Plaintiff and the other members of the
15 Late Pay Class are entitled to recover the full amount of their unpaid wages, penalty wages under
16 Labor Code § 203, reasonable attorney's fees, and costs of suit.  Pursuant to Labor Code § 218.6 or
17 Civil Code § 3287(a), Plaintiff and the other members of the Late Pay Class are entitled to recover
18 prejudgment interest on the amount of their unpaid wages and unpaid penalty wages.

19 **SIXTH CAUSE OF ACTION**

20 **FAILURE TO PROVIDE ACCURATE WAGE STATEMENTS**

21 **(By Plaintiff and the Class Against All Defendants)**

22 82.    Plaintiff realleges and incorporates by reference all of the allegations contained in
23 the preceding paragraphs of this Complaint as though fully set forth herein.

24 83.    At all relevant times, Plaintiff and the other members of the Wage Statement Class
25 were employees of Defendants covered by Labor Code § 226.

26 84.    Pursuant to Labor Code § 226(a), Plaintiff and the other members of the Wage
27 Statement Class were entitled to receive, semi-monthly or at the time of each payment of wages, an
28 accurate itemized statement showing gross wages earned, net wages earned, all applicable hourly

1  rates in effect during the pay period, the corresponding number of hours worked at each hourly rate

2  by the employee, and Defendants' address on the wage statement.

3      85.    Defendants failed to provide Plaintiff and the other members of the Wage

4  Statement Class accurate itemized wage statements in accordance with Labor Code § 226(a).

5      86.    Plaintiff and the other members of the Wage Statement Class are informed and

6  believe and thereon allege that at all relevant times, Defendants maintained and continue to

7  maintain a policy and practice of issuing wage statements that do not show, including but not

8  limited to, all hours worked, all earned wages and pay due for all hours worked at applicable rates

9  of pay. Defendants' practices resulted and continue to result in, the issuance of Wage Statements

10 to Plaintiff and other members of the Class that do not comply with the itemization requirements.

11     87.    Defendants' failure to provide Plaintiff and other members of the Wage Statement

12 Class with accurate Wage Statements was knowing and intentional. Defendants had the ability to

13 provide Plaintiff and the other members of the Wage Statement Class with accurate Wage

14 Statements, but intentionally provided wage statements that Defendants knew were not accurate.

15     88.    As a result of Defendants' unlawful conduct, Plaintiff and the other members of the

16 Wage Statement Class have suffered injury. The absence of accurate information on their wage

17 statements has delayed timely challenge to Defendants' unlawful pay practices, requires discovery

18 and mathematical computations to determine the amount of wages owed, causes difficulty and

19 expense in attempting to reconstruct time and pay records, and led to submission of inaccurate

20 information about wages and amounts deducted from wages to state and federal government

21 agencies.

22     89.    Pursuant to Labor Code § 226(e), Plaintiff and other members of the Wage

23 Statement Class are entitled to recover $50 for the initial pay period during the period in which

24 violation of Labor Code § 226 occurred and $100 for each violation of Labor Code § 226 in a

25 subsequent pay period, not to exceed an aggregate penalty of $4,000 per employee.

26     90.    Pursuant to Labor Code § 226(e) and § 226(g), Plaintiff and the other members of

27 the Wage Statement Class were entitled to recover the full amount of penalties due under Labor

28 Code § 226(e) reasonable attorney's fees and costs of suit.

FIRST AMENDED CLASS ACTION COMPLAINT

## SEVENTH CAUSE OF ACTION

## __UNFAIR COMPETITION__

**(By Plaintiff and Class Members Against All Defendants)**

91.    Plaintiff realleges and incorporates by reference all of the allegations contained in the preceding paragraphs of this Complaint as though fully set forth herein.

92.    The unlawful conduct of Defendants alleged herein constitutes unfair competition within the meaning of Business & Professions Code § 17200. Due to their unlawful business practices in violation of the Labor Code, Defendants have gained a competitive advantage over other comparable companies doing business in the state of California that comply with their obligations to compensate employees in accordance with the Labor Code.

93.    As a result of Defendants' unfair competition as alleged herein, Plaintiff and similarly situated Class Members have suffered injury in fact and lost money or property. Plaintiff and similarly situated Class Members have been deprived from being compensated overtime wages, from being compensated minimum wage, from being provided meal breaks or compensation in lieu thereof, and from not being compensated all accrued sick pay, as described herein.

94.    Pursuant to Business & Professions Code § 17203, Plaintiff and similarly situated Class Members are entitled to restitution of all wages and other monies owed to them under the Labor Code, including interest thereon, in which they had a property interest which Defendants failed to pay them but withheld and retained for themselves. Restitution of the money owed to Plaintiff and similarly situated Class Members is necessary to prevent Defendants from becoming unjustly enriched by their failure to comply with the Labor Code.

95.    Plaintiff and similarly situated Class Members are entitled to recover reasonable attorneys' fees in connection with their unfair competition claims pursuant to Code of Civil Procedure § 1021.5, the substantial benefit doctrine and/or the common fund doctrine.

## EIGHT CAUSE OF ACTION

## __FAILURE TO PAY FLSA MINIMUM WAGES__

**(By Plaintiff and the FLSA Class Against All Defendants)**

FIRST AMENDED CLASS ACTION COMPLAINT

96.    Plaintiff realleges and incorporates by reference all of the allegations contained in the preceding paragraphs of this Complaint as though fully set forth herein.

97.    At all relevant times, Defendants have been an employer and Plaintiff and similarly situated employees have been employees under California and Federal law entitled to the protections of the FLSA.

98.    The foregoing conduct, as alleged, constitutes a violation of 29 U.S.C. §206, which protects Plaintiff and putative class members of the FLSA Class right to earn a minimum wage and provides for damages and punishment for violations of that right.

99.    In particular, Defendants failed to pay Plaintiff and FLSA Class members all minimum wages owed when Defendants did not pay for all hours worked as alleged herein. Plaintiff and FLSA Class members were not being paid at least minimum wage for their work.

100.    Although Plaintiff and FLSA Class members periodically did not earn at least the minimum wage, Defendants had a policy and practive of failing and refusing to pay them minim wages for all hours worked as alleged herein and contionue to violate the above-referenced minimum wage protections.

101.    Plaintiff, individually and on a collective basis, seek the amount of the prospective unpaid wages owed to them, liquidated damages, attorneys' fees and costs pursuant to 29 U.S.C. §§201, *et seq.* and such other legal and equitable relief as the Court deems just and proper.

### NINTH CAUSE OF ACTION

### FAILURE TO PAY FLSA OVERTIME WAGES

### (By Plaintiff and the FLSA Class Against All Defendants)

102.    Plaintiff realleges and incorporates by reference all of the allegations contained in the preceding paragraphs of this Complaint as though fully set forth herein.

103.    At all relevant times, Defendants have been an employer and Plaintiff and similarly situated employees have been employees under Federal law entitled to the protections of the FLSA.

104.    The foregoing conduct, alleged herein, constitutes a violation of 29 U.S.C.

FIRST AMENDED CLASS ACTION COMPLAINT

1  §207, which requires overtime pay for time worked over 40 hours in a week.

2       105.   Plaintiff and FLSA Class members periodically worked more than 40 hours in

3  a week by among other things: failing to pay wages for all time worked, including overtime wages,

4  to Plaintiff and other non-exempt employees in the State of California and nationwide, such that in

5  the aggregate employees are underpaid wages as a result of Defendants' pattern and practice of

6  unevenly rounding time worked by its employees; failing to pay wages for all time worked,

7  including overtime wages, as a result of Defendants requiring Plaintiff and other non-exempt

8  employees in the State of California and nationwide to undergo COVID-19 temperature checks

9  prior to clocking in for the start of their work shifts; and failing to pay overtime wages, to Plaintiff

10  and other non-exempt employees in the State of California and nationwide, as a result of

11  Defendants' failure to include all forms of remuneration, including but not limited to "Shift 20%"

12  differential pay, in determining the regular rate of pay.

13       106.   Although Plaintiff and FLSA Class members periodically worked more than

14  40 hours in a week, Defendants had a policy and practice of failing and refusing to pay them and

15  other employees overtime wages as alleged herein and thus violated and continue to violate the

16  above-referenced overtime provisions of the FLSA.

17       107.   Plaintiff and FLSA Class members seek the amount of the respective unpaid

18  wages owed to them, liquidated damages, attorneys' fees, and costs pursuant to 29 U.S.C. §§201,

19  *et seq.* and such other legal and equitable relief as the Court deems just and proper.

20            **TENTH CAUSE OF ACTION**

21  **FAILURE TO MAKE PROPER DISCLOSURE IN VIOLATION OF THE FCRA**

22         **(By Plaintiff and the FCRA Class against Defendants)**

23       108.   Plaintiff realleges and incorporates by reference all of the allegations

24  contained in the preceding paragraphs of this Complaint as though fully set forth herein.

25       109   Defendants are a "person(s)" as defined by Section 1681 a(b) of the FCRA.

26       110.   Plaintiff and class members, are "consumers" within the meaning Section

27  1681a(c) of the FCRA, because they are "individuals."

28       111.   Section 1681a(d)(1) of the FCRA defines "consumer report," in relevant part

FIRST AMENDED CLASS ACTION COMPLAINT

1   as:

2   Any written, oral, or other communication of any information by a consumer
    reporting agency bearing on a consumer's credit worthiness, credit standing, credit
3   capacity, character, general reputation, personal characteristics, or mode of living
    which is used or expected to be used or collected in whole or in part for the
4   purpose of serving as a factor in establishing the consumer's eligibility for
    employment purposes.

5

6   112.    Thus, a credit and background report qualifies as a consumer report.

7   113.    Section 1681a(e) of the FCRA defines "investigative consumer report," in

relevant part as:

8

9   A consumer report or portion thereof in which information on a consumer's
    character, general reputation, personal characteristics, or mode of living is obtained
    through personal interviews with neighbors, friends, or associates of the consumer
10  reported on or with whom he is acquainted or who may have knowledge
    concerning any such items of information.

11

12  114.    Thus a credit and background report qualities as an investigative consumer

report.

13

14  115.    Section 1681b(b) of the FCRA provides, in relevant part:

15          (b)    Conditions for furnishing and using consumer reports for employment

16                 purposes

17          (2)    Disclosure to consumer

18                 (A) In general

19                 Except as provided in, subparagraph (B), a person may not procure a
                   consumer report, or cause a consumer report to be procured, for
                   employment purposes with respect to any consumer, unless—

20

21                 i.     *a clear and conspicuous disclosure* has been made in writing to the
                          consumer at any time before the report is procured or caused to be
                          procured, in *a document that consists solely of the disclosure*, that a
22                        consumer report may be obtained for employment purposes; and

23                 ii.    the consumer has authorized in writing (which authorization may be
                          made on the document referred to in clause (i)) the procurement of
24                        the report by that person. (Emphasis Added).

25  116.    Plaintiff alleges, on information and belief, that in evaluating his and other

26  class members for employment, Defendants procured or caused to be prepared Background

27  Reports (i.e., a consumer report and/or investigative consumer report, as defined by 15 U.S.C. §

28  1681a(d)( l)(B) and 15 U.S.C. § 168la(e)).

FIRST AMENDED CLASS ACTION COMPLAINT

117.   When Plaintiff applied for employment with Defendants, they required him to sign a document entitled "Acknowledgment and Authorization for Background Investigation" indicating that a separate disclosure documents was received, however, the disclosure documents were not provided to Plaintiff and similarly situated employees.

118.   Defendants' conduct in violation of Section 1681b(b)(2)(A) of the FCRA was and is willful. Defendants acted in deliberate or reckless disregard of their obligations and the rights of applicants and employees, including Plaintiff and class members. Defendants' willful conduct is reflected by, among other things, the following facts:

(a)   Defendants is a large corporation with access to legal advice; and

(b)   Defendants required a purported authorization to perform credit and background checks in the process of employing the class members which, although defective, evidences Defendants' awareness of and willful failure to follow the governing laws concerning such authorizations

119.   Based upon the facts likely to have evidentiary support after a reasonable opportunity for further investigation and discovery, Plaintiff alleges that Defendants have a policy and practice of procuring investigative consumer reports or causing investigative consumer reports to be procured to applicants and employees without informing such applicants of their right to request a summary of their rights under the FCRA at the same time as the disclosure explaining that an investigative consumer report may be made. Pursuant to that policy and practice, Defendants procured investigative consumer reports or caused investigative consumer reports to be procured for Plaintiff and class members, as described above, without informing class members of their rights to request a written summary of their rights under the FCRA.

120.   Accordingly, Defendants willfully violated and continue to violate the FCRA including, but hot limited to, §§ 1681b(b)(2)(A) and 168ld(a).

121.   As a result of Defendants illegal procurement of credit and background reports by way of its failure to provide disclosures, as set forth above, Plaintiff and class members have been injured including, but not limited to, having their privacy and statutory rights invaded in violation of the FCRA.

FIRST AMENDED CLASS ACTION COMPLAINT

1    122.    Plaintiff, on behalf of himself and all class members, seeks all available

2 remedies pursuant to 15 U.S.C. § 1681n, including statutory damages and/or actual damages,

3 punitive damages, injunctive arid equitable relief and attorneys' fees and costs.

4    123.    In the alternative to Plaintiff's allegation that these violations were willful,

5 Plaintiff alleges that the violations were negligent and seeks the appropriate remedy, if any, under

6 15 U.S.C. § 1681o, including actual damages and attorneys' fees and costs.

7                    **ELEVENTH CAUSE OF ACTION**

8 **FAILURE TO GIVE PROPER SUMMARY OF RIGHTS IN VIOLATION OF THE FCRA**

9              **(By Plaintiff and the FCRA Class against Defendants)**

10    124.    Plaintiff realleges and incorporates by reference all of the allegations

11 contained in the preceding paragraphs of this Complaint as though fully set forth herein.

12    125.    Section 1681d(a)(1) provides, in relevant part:

13         Disclosure of fact of preparation

14         A person may not procure or cause to be prepared an investigative consumer report

15         on any consumer unless—

16              (1)    it is *clearly and accurately disclosed* to the consumer that an
                      investigative consumer report including information as to his
17                    character, general reputation, personal characteristics, and mode of
                      living, whichever are applicable, may be made, and such disclosure;
18                    (A) is *made in a writing mailed, or otherwise delivered*, to
                      the consumer, not later than three days after the date on which the
19                    report was first requested, and (B) *includes a statement informing
                      the consumer of his right to request the additional disclosures*
20                    provided for under subsection (b) of this section and *the written
                      summary of the rights of the consumer prepared pursuant to section
21                    1681g(c)* of this title; (Emphasis Added.)

22    126.    Subsection Section 168ld(b) provides, in relevant part:

23              (b)    Disclosure on request of nature and scope of investigation

24                    Any person who procures or causes to be prepared an
                      investigative consumer report on any consumer shall, upon
25                    written request made by. the consumer within, a
                      reasonable period of time after the receipt by him of the disclosure
26                    required by subsection (a)(1) of this section (a)(1) of this section,
                      make a *complete and accurate*
27                    *disclosure of the nature and scope of the investigation requested*;
                      (Emphasis Added). This disclosure shall be made in a writing
28                    mailed, or otherwise delivered, to
                      the consumer not later than five days after the date on which the

25

1                                  request for such disclosure was received from the consumer or such report was first requested,

2                                  whichever is the later.

3     127.    Defendants did not comply with Section 1681d(a)( 1) and 1681d(b).

4     128.    Section 1681g(c) further provides summary of rights to obtain and dispute

5 information in consumer reports and to obtain credit scores, in relevant part, as follows:

6           A     In General Commission summary of rights required

7   (A)    The Commission shall prepare a *model summary of the rights* of consumers under

8          this subchapter.

9   (B)    Content of summary

10          The summary of rights prepared, under subparagraph (A) shall include a

11          description of—

12                (i)    the *right of a consumer to obtain a copy of a consumer report* under subsection (a) of this section from each consumer reporting agency;

14               (ii)   the *frequency and circumstances under which a consumer is entitled to receive a consumer report without charge* under section 1681j of this title;

16              (iii)   the right of a consumer to *dispute information* in the file of the consumer under section 1681i of this title;

18              (iv)   *the right of a consumer to obtain a credit score* from a consumer reporting agency, and a description of how to obtain a credit score;

20              (v)    the *method by which a consumer can contact, and obtain a consumer report from* a consumer reporting agency *without charge* as provided in the regulations of the Bureau prescribed under section 211(c) of the Fair and Accurate Credit Transactions Act of 2003; and

23              (vi)   the method by which a consumer can contact, and obtain a consumer report from, a consumer reporting agency described in section 1681a(w) of this title, as provided in the regulations of the Bureau prescribed under section 1681j(a)(l)(C) of this title; (Emphasis Added).

25     129.    Defendants did not comply with 1681g( c).

### TWELFTH CAUSE OF ACTION

### FAILURE TO MAKE PROPER DISCLOSURES IN VIOLATION OF ICRAA

**(By Plaintiff and the ICRAA Class against Defendants)**

26

FIRST AMENDED CLASS ACTION COMPLAINT

130.    Plaintiff realleges and incorporates by reference all of the allegations contained in the preceding paragraphs of this Complaint as though fully set forth herein.

131.    Defendants are a "person" as defined by Section 1786.2(a) of the ICRAA.

132.    Plaintiff and ICRAA Class members are "consumers" within the meaning Section 1786.2(b) of the ICRAA, because they are "individuals."

133.    Section 1786.2(c) of the ICRAA defines, in relevant part "investigative consumer report" as:

> A consumer report in which information on a consumer's character, general reputation, personal characteristics, or mode of living is obtained through any means.

134.    Thus a background check qualifies as an investigative consumer report under the ICRAA.

135.    Section 1786.16(a)(2) of the ICRAA provides, in relevant part:

> If, at any time, an investigative consumer report is sought for employment purposes...the person seeking the investigative consumer report may procure the report, or cause the report to be made, only if all of the following apply:
>
> (B)    The person procuring or causing the report to be made provides a *clear and conspicuous disclosure* in writing to the consumer at any time before the report is procured or caused to be made *in a document that consists solely of the disclosure*, that:
>
> (i)    An investigative consumer report may be obtained.
> (ii)    The permissible purpose of the report is identified.
> (iii)    The disclosure may include information on the consumer's character, general reputation, personal characteristics, and mode of living.
> (iv)    Identifies the *name, address, and telephone number of the investigative consumer reporting agency* conducting the investigation.
>
> (v)    Notifies the consumer in writing of the nature and scope of the investigation requested, including a summary of the provisions of Section 1786.22.
> (vi)    *Notifies the consumer of the Internet Web site address of the investigative consumer reporting agency* identified in clause (iv), or, if the agency has no Internet Web site address, the telephone number of the, where the consumer may find information about the investigative reporting agency's privacy practices, including whether the consumer's personal information will be sent outside the United States or its territories and information that complies with subdivision (d) of Section 1786.20. This clause shall become operative on January 1, 2012. (Emphasis Added.)

27

136.    When Plaintiff applied for employment with Defendants, they required him to sign a document entitled "Acknowledgment and Authorization for Background Investigation" indicating that a separate disclosure documents was received, however, the disclosure documents were not provided to Plaintiff and similarly situated employees.

137.    Based upon the facts likely to have evidentiary support after a reasonable opportunity for further investigation and discovery, Plaintiff alleges that Defendants have a policy and practice of procuring investigative consumer reports or causing investigative consumer reports to be procured to applicants and employees without providing such applicants the required disclosures under the ICRAA. Pursuant to that policy and practice, Defendants procured investigative consumer reports or caused investigative consumer reports to be procured for Plaintiff and class members, as described above, without informing class members of their rights to request a written summary of their rights under the ICRAA.

138.    Accordingly, Defendants willfully violated and continues to violate the ICRAA including, but hot limited to, § 1786.16(b)(1). Defendant's willful or grossly negligent conduct is reflected by, among other things, the facts set forth above.

139.    As a result of Defendants illegal procurement of credit and background reports by way of its inadequate disclosures, as set forth above, Plaintiff and class members have been injured including, but not limited to, having their privacy and statutory rights invaded in violation of the ICRAA.

140.    Plaintiff, on behalf of himself and all class members, seeks all available remedies pursuant to California Civil Code ("Cal. Civ. Code")§ 1786.50, including statutory damages and/or actual damages and attorneys' fees and costs.

## THIRTEENTH CAUSE OF ACTION

## FAILURE TO MAKE PROPER DISCLOSURES  IN VIOLATION OF CCRAA

### (By Plaintiff and the CCRAA Class against Defendants)

141.    Plaintiff realleges and incorporates by reference all of the allegations contained in the preceding paragraphs of this Complaint as though fully set forth herein.

142.    Defendants are a "person" as defined by Section 1785.3(j) of the CCRAA.

FIRST AMENDED CLASS ACTION COMPLAINT

143. Plaintiff and CCRAA Class members are "consumers" within the meaning Section 1785.3(b) of the CCRAA, because they are "natural individuals."

144. Section 1785.3(c) of the CCRAA defines "consumer credit report," in relevant part as:

> any written, oral, or other communication of any information by a consumer credit reporting agency bearing on a consumer's credit worthiness, credit standing, or credit capacity, which is used or is expected to be used, or collected in whole or in part, for the purpose of serving as a factor in establishing the consumer's eligibility for: ...(2) employment purposes. . .

145. Thus a credit report qualifies as a consumer credit report under the CCRAA.

146. Section 1785.20.5(a) of the CCRAA provides, in relevant part:

> Prior to requesting a consumer credit report for employment purposes, the user of the report shall provide written notice to the person involved. The notice shall inform the person that a report will be used, and *shall identify the specific basis under subdivision (a) of Section 1024.5 of the Labor Code for use of the report. The notice shall also inform the person of the source of the report*...(Emphasis Added.).

147. Plaintiff alleges that in evaluating her and other class members for employment, Defendants procured or caused to be prepared consumer Background Reports (i.e., credit reports), as defined by Cal. Civ. Code § 1785.3 ( c).

148. When Plaintiff applied for employment with Defendants, they required him to sign a document entitled "Acknowledgment and Authorization for Background Investigation" indicating that a separate disclosure documents was received, however, the disclosure documents were not provided to Plaintiff and similarly situated employees.

149. The Authorization does not identify the specific basis under subdivision (a) of Section 1024.5 of the Labor Code for use of the credit report. Nor does the Authorization identify the source of any credit report. Both of these omissions Authorization clearly violate §1785.20.5(a) of the CCRAA, as delineated above.

150. Based upon facts that are likely to have evidentiary support after a reasonable opportunity for investigation and discovery, Plaintiff alleges that Defendants have a policy and practice of failing to provide adequate written disclosures to applicants and employees, before procuring credit reports or causing credit reports to be procured, as described above. Pursuant to that policy and practice, Defendants procured credit reports or caused credit reports to be procured

29

FIRST AMENDED CLASS ACTION COMPLAINT

1  for Plaintiff and class members without first providing a written notice in compliance with §

2  1785.20.5(a) of the CCRAA, as described above.

3       151.   Defendants conduct in violation of § 1785.20.5(a) of the CCRAA was and is

4  willful and/or grossly negligent. Defendants acted in deliberate or reckless disregard of their

5  obligations and the rights of applicants and employees, including Plaintiff and class members,

6  Defendants willful conduct is reflected by, among other things, the facts stated above.

7       152.   As a result of Defendants' illegal procurement of credit reports by way

8  of their inadequate notice, as set forth above, Plaintiff and class members have been injured

9  including, but not limited to, having their privacy and statutory rights invaded in violation of the

10  CCRAA.

11       153.   Plaintiff, on behalf of himself and all class members, seeks all available

12  remedies pursuant to Cal. Civ. Code § 1785.31, including statutory damages and/or actual

13  damages, punitive damages, injunctive relief, and attorneys' fees and costs.

14                              **PRAYER**

15       WHEREFORE, on behalf of himself and all others similarly situated, Plaintiff prays for

16  judgment against Defendants as follows:

17      A.     An order certifying that Plaintiff may pursue his claims against Defendants as a

18              class action on behalf of the Class Members;

19      B.     An order appointing Plaintiff as Class representative and appointing Plaintiff's

20              counsel as class counsel;

21      C.     Penalties for inaccurate wage statements under Labor Code §226(e);

22      D.     Damages for unpaid wages under Labor Code §§201 or 202;

23      E.     Damages for unpaid penalty wages under Labor Code §203;

24      F.     Damages for unpaid wages for missed meal periods under Labor Code §226.7;

25      G.     Damages for minimum wages;

26      H.     Damages for premium wages;

27      I.     Liquidated damages for unpaid minimum wages;

28      J.     Damages for unpaid overtime wages under Labor Code §1194;

FIRST AMENDED CLASS ACTION COMPLAINT

1    K.    Damages for failure to pay sick pay and/or PTO at the regular rate;

2    L.    Statutory and civil penalties;

3    M.    Punitive damages;

4    N.    Restitution under Business and Professions Code §17203;

5    O.    Pre-judgment interest;

6    P.    Costs;

7    Q.    Reasonable attorney's fees; and

8    R.    Such other and further relief as the Court deems just and proper

9

10

11   DATED: April 14, 2023                    THE NOURMAND LAW FIRM, APC

12                                    By:    */s/ Michael Nourmand, Esq.*
13                                           Michael Nourmand, Esq.
                                             James A. De Sario, Esq.
14                                           Attorneys for Plaintiff

15

16

17

18

19

20

21

22

23

24

25

26

27

28

FIRST AMENDED CLASS ACTION COMPLAINT

<u>Ronny Kaios v. Siemens Mobility, Inc., et al.</u>
United States District Court - Eastern District of California
Case Number: 2:22-CV-02318-MCE-CKD

I, Alejandra Beltran, the undersigned, declare that I am employed in the County of Los Angeles, State of California. I am over the age of 18 and not a party to the within entitled action; my business address is 8822 West Olympic Boulevard, Beverly Hills, California 90211.

On May 26, 2023, I served the following document(s) described as:

**FIRST AMENDED CLASS ACTION COMPLAINT FOR DAMAGES AND RESTITUTION**

Samantha C. Grant, Esq.
**REED SMITH LLP**
1901 Avenue of the Stars, Suite 700
Los Angeles, CA 90067

Rafael N. Tumanyan, Esq.
Jeffrey Elkreif, Esq.
**REED SMITH LLP**
355 South Grand Avenue, Suite 2900
Los Angeles, CA 90071

The above document(s) were served on the interested parties in this action as follows:

All parties identified for Notice of Electronic Filing generated by the Court's CM/ECF system under the above-referenced case number.

BY ELECTRONIC MAIL: As follows: I am readily familiar with our office's practice of electronic mail transmission; on this date, the document enumerated above was transmitted by electronic mail transmission and that the transmission was reported as complete and delivered, and without error.

I declare under penalty of perjury under the laws of the State of California that the above is true and correct and that this Proof of Service was executed on May 26, 2023, at Beverly Hills, California.


*/s/ Alejandra Beltran*
Alejandra Beltran

PROOF OF SERVICE